Submitted March 28, affirmed October 25, 2023

In the Matter of A. K. N.,
aka A. N., a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

B. B.
and I. B.,
*Appellants.*

Deschutes County Circuit Court
19JU04428; A179897

539 P3d 754

Appellants challenge a juvenile court order denying their motion to intervene in child's dependency case under ORS 419B.116. Appellants contend that the juvenile court erred when it failed to balance the requirements for granting a motion for intervention in ORS 419B.116(5)(c) and when it determined that appellants failed to prove the requirement that "the existing parties cannot adequately present the case," ORS 419B.116(5)(c)(D). *Held*: The Court of Appeals concluded that ORS 419B.116 does not allow a juvenile court to balance the requirements for intervention and that, because the evidence before the juvenile court did not compel a contrary conclusion, the juvenile court did not err in concluding that appellants failed to prove that "the existing parties cannot adequately present the case" under ORS 419B.116(5)(c)(D).

Affirmed.

Wells B. Ashby, Judge.

Richard D. Cohen filed the brief for appellants.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Appellants, child's foster parents, challenge a juvenile court order denying their motion to intervene in child's dependency case under ORS 419B.116. In two assignments of error, appellants contend that the court erred when it failed to "balance" the requirements for intervention in ORS 419B.116(5)(c) and when it determined that appellants failed to prove the requirement that "the existing parties cannot adequately present the case," ORS 419B.116(5)(c)(D). We conclude that the statute does not allow a juvenile court to balance the requirements for intervention and that the record before the court did not compel the court to make a different determination. Accordingly, we affirm.

The relevant facts are undisputed. Appellants I. B. and B. B. have served as child's foster parents since she was a newborn. Within a year of child's placement, the Department of Human Services (DHS) located and contacted child's paternal uncle, who lives in Virginia, and approved him and his wife as a placement option for child through an Interstate Compact on the Placement of Children (ICPC) study. That study was later updated when the first one expired. Paternal uncle and aunt also began weekly video visits with child and later visited child in person in Oregon. When child's plan was changed to adoption, DHS discussed the potential adoption of child with both appellants and paternal uncle. When child was two-and-a-half years old, the court terminated her biological parents' parental rights and freed her for adoption. Just prior to her third birthday, DHS completed the adoption selection committee process, in which child's attorney and court-appointed special advocate (CASA) participated. Even though child's attorney and permanency caseworker advocated for appellants as child's adoptive resource, DHS ultimately selected child's paternal uncle and aunt.

After that selection was made, appellants filed a motion to intervene under ORS 419B.116. Appellants argued that DHS's decision was harming child, and they sought intervention for the purposes of providing more evidence on child's best interest, removing child from DHS's custody, becoming child's temporary placement, and moving

to become child's guardians. As relevant to the issue on appeal, appellants alleged that the existing parties could not adequately present the case because child's attorney did not actively participate in child's life and because child—who was three years old—could not "provide in-depth advice and guidance to her counsel regarding how to advocate for her interests." Appellants asserted that they were in a unique position as her caregivers to represent child's best interests. Child's attorney and child's CASA supported intervention because it would be beneficial to have appellants in the case but did not offer an explanation why they could not adequately present the case. DHS opposed the motion, arguing, among other things, that the existing parties could adequately present the case.

The juvenile court held an evidentiary hearing and denied appellants' motion. The court found appellants had proved all the statutory elements for intervention except for one—"the existing parties cannot adequately present the case." The court found that DHS was not adequately presenting the case. However, the court also found that "the bottom line is, all of the people who were advocating or who have a role to advocate on behalf of the child did that. * * * They have explained why [the current plan is] not in the best interest [of the child.]" The court specifically pointed out that child's attorney represented her best interest in both the dependency proceeding and in the adoption selection committee administrative proceeding. Consequently, it determined that appellants did not prove by a preponderance of the evidence that the existing parties cannot adequately present the case. The juvenile court explained:

"The statute does not say that the existing parties are not best equipped or the most adequate or in the best position to present the case but that the case cannot be adequately presented without the involvement of the intervenors. * * *

"* * * I cannot find, by the preponderance or by any measure, that the existing parties, meaning, in particular[,] Mr. Deuel, attorney for [c]hild, Ms. Thomas, CASA for [c]hild, have not and cannot adequately present the case. They have, and they've done their best, and they've tried the advocacy. * * *

"And maybe there is something I don't know and none of us know as to how this particular decision was reached, but it does not seem that any amount of advocacy would have resulted in a different outcome in terms of the placement decision and permanency decision of adoption with the biological relatives."

Appellants now appeal that decision. Before setting out appellants' specific arguments on appeal, we start with the text of the intervention statute to provide context for those arguments. ORS 419B.116(5)(c) provides, in relevant part:

"[T]he court may grant the motion for intervention if the person moving to intervene in the case proves by a preponderance of the evidence that:

"(A)  A caregiver relationship exists between the person and the child or ward;

"(B)  The intervention is in the best interests of the child or ward;

"(C)  The reason for intervention and the specific relief sought are consistent with the best interests of the child or ward; and

"(D)  The existing parties cannot adequately present the case."

"ORS 419B.116 confers discretion on a juvenile court to allow intervention in a dependency case by a person who has a 'caregiver relationship' with a child, as that term is defined by statute." *Dept. of Human Services v. R. F.*, 328 Or App 267, 271, 538 P3d 577 (2023). The juvenile court may allow intervention "only if the person seeking intervention first 'proves by a preponderance of the evidence'" the four listed requirements. *Id*.

As set out above, the juvenile court in this case denied appellants' motion based on their failure to prove by a preponderance of the evidence that "the existing parties cannot adequately present the case," ORS 419B.116(5)(c)(D). In challenging that ruling on appeal, appellants raise two assignments of error. In the first, appellants assert that, in addressing intervention under ORS 419B.116(5)(c), the child's best interest must be paramount, and, thus, the court erred

in isolating the requirement under ORS 419B.116(5)(c)(D), when, here, the best interest factors overwhelmingly supported granting intervention, ORS 419B.116(5)(c)(B) and (C). In short, appellants argue that the court was required to balance the intervention requirements. In their second assignment, appellants argue that the juvenile court's determination that they failed to prove ORS 419B.116(5)(c)(D) was not supported by the evidence. In so arguing, appellants assert that "adequacy" under ORS 419B.116(5)(c)(D) must be measured in relation to the best interests of the child, because otherwise it is "a low standard" that does not serve the best interests of the child. Appellants argue that, in the circumstances of this case, child's best interests required a higher level of "[i]nformed and assertive advocacy" than child's attorney or CASA could provide given that DHS's placement decision ignored the recommendations it received.

We first engage in our familiar method of statutory interpretation under *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009), to address the questions of statutory construction that appellants' arguments raise. As always, we begin "with the text and context of the statute, which are the best indications of the legislature's intent." *State v. Walker*, 356 Or 4, 13, 333 P3d 322 (2014).

Based on the text alone, we reject appellants' argument for a balancing of the requirements under ORS 419B.116(5)(c). ORS 419B.116(5)(c) is plainly written in the conjunctive and unambiguously requires intervenors to prove each of the four subparagraphs (A) to (D). *See Broadway Cab LLC v. Employment Dept.*, 358 Or 431, 443, 364 P3d 338 (2015) (explaining that because the elements of the disputed statute were conjunctive, the petitioner had the burden to establish each of those criteria); *National Maintenance Contractors v. Employment Dept.*, 288 Or App 347, 352, 406 P3d 133 (2017), *rev den*, 362 Or 508 (2018) (same). That is, a party seeking intervention must prove by a preponderance of the evidence each of those four statutory requirements; the four requirements cannot be balanced against each other, such that more weight on the best interests of the child could make up for an unpersuasive showing on "the existing parties cannot adequately present the case."

Turning to appellants second statutory argument, we understand appellants to take the position that a determination of "adequacy" under ORS 419B.116(5)(c)(D) involves a subjective determination about which party can make the better presentation of the best interests of the child. We disagree.

To start, ORS 419B.116(5)(c)(D) references "the case" instead of "best interests of the child or ward," reflecting the difference between "the case" in a juvenile proceeding and "the best interests of the child." Although adequately presenting a case surely includes adequately presenting the child's best interests—the essential question under ORS 419B.090 in any juvenile case—nothing about the structure or text of the statute suggests that the legislature intended "adequately" to equate to a subjective determination of the quality of a party's presentation.

In addition, the definition of the word "adequately" leads us to conclude that the statute does not have the meaning that appellants propose. "Adequately" is "in an adequate manner." *Webster's Third Int'l Dictionary* 25 (unabridged ed 1993). And "adequate" is defined as "equal to, proportionate to, or fully sufficient for a specified or implied requirement" and "legally sufficient: such as is lawfully and reasonably sufficient." *Id*. Nothing in those definition suggests that, as used in ORS 419B.116(5)(c)(D), "adequately" was intended to be determined by a comparison between two proposed presentations, as appellants assert.

Further, we note that the juvenile court correctly recognized that ORS 419B.116(5)(c)(D) does not require a person to show that the existing parties *did not* adequately present the case—which would look to the past; it requires that the existing parties *cannot* adequately present the case—which looks at the present. A present-focused inquiry does not lend itself to the kind of subjective and comparative analysis that appellants propose.

In sum, whatever the precise contours of "adequately present the case" are, the requirement does not turn on the question of whether the person seeking to intervene

demonstrates that they can present a "better" case than the existing parties.

Finally, we turn to appellants' argument that the juvenile court erred when it determined that appellants failed to prove ORS 419B.116(5)(c)(D), because that determination was not supported by the evidence. In addressing that argument, we "review to determine whether, on the record before it, the juvenile court permissibly concluded that they had not met their burden of demonstrating that they satisfied the statutory prerequisites for intervention." *R. F.*, 328 Or App at 271 (citing *Dept. of Human Services v. S. E. K. H./J. K. H.*, 283 Or App 703, 705-06, 389 P3d 1181 (2017)). We explained in *R. F.* that our standard of review binds us to a juvenile court's finding that a person seeking intervention has not proved by a preponderance of the evidence that the existing parties could not adequately present the case unless we can conclude that the evidence before the court compels a contrary conclusion. 328 Or App at 271 (citing *Prime Properties, Inc. v. Leahy*, 234 Or App 439, 449, 228 P3d 617 (2010)).

Here, the evidence did not compel a contrary conclusion. Indeed, evidence in the record affirmatively supported the court's determination. The juvenile court specifically found that "all of the people who were advocating or who have a role to advocate on behalf of the child did that." The record showed that child's attorney and CASA were "active participants" in the adoption selection committee. Their participation included seeking out and using information from outside sources to represent child's best interests, and child's attorney advocated that it was in child's best interests for appellants to adopt child. Under the plain meaning of the term "adequately," the juvenile court's findings demonstrated that the existing parties *could* adequately present the case. To be sure, appellants put forth evidence that they possibly could have presented a stronger case in support of the position advocated by child's attorney. However, as explained, the statute does not require appellants to prove that existing parties cannot present the best possible case; it requires appellants to prove that the existing parties cannot adequately present the case. Appellants

have not demonstrated that the juvenile court erred when it denied their motion to intervene.

Affirmed.