No. 1053          December 10, 2025          487

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Catherine L. WISSENBACK,
*Petitioner-Respondent,*

*v.*

Joseph F. RUSSI
and Deborah E. Russi,
*Respondents-Appellants.*

Douglas County Circuit Court
21CV26127; A177594

Kathleen E. Johnson, Judge.

Argued and submitted August 7, 2024.

Christopher W. Peterman argued the cause for appellants. On the briefs were Keith D. Ropp and Christopher W. Peterman Attorney at Law, P.C.

Bear Wilner-Nugent argued the cause and filed the briefs for respondent.

Before Shorr, Presiding Judge, Pagán, Judge, and O'Connor, Judge.*

SHORR, P. J.

General judgment vacated and remanded; supplemental judgment reversed.

_____
* O'Connor, J., *vice* Mooney, S. J.

## SHORR, P. J.

Respondents appeal from a general judgment and a supplemental judgment in which the trial court denied respondents' petition to vacate an arbitration award, confirmed the arbitration award in favor of petitioner, and awarded attorney fees to petitioner. Respondents raise three assignments of error, asserting that the trial court erred in denying their petition to vacate the award by (1) declining to consider respondents' petition for vacatur in the absence of a verbatim arbitration record, (2) declining to allow the parties to present evidence at a hearing or otherwise as to whether the events of the arbitration proceeding were sufficient to establish any of the statutory grounds for vacatur, and (3) by determining that it could not resolve respondents' claim that the arbitration panel refused to consider material evidence.[1] As we explain, the trial court erred when it determined that it could not decide respondents' petition to vacate based upon a lack of a record of the arbitration proceedings. We therefore vacate and remand for further proceedings.

The pertinent facts are procedural in nature and are undisputed. Petitioner Catherine Wissenback and respondent Deborah Russi are sisters. Deborah Russi is married to respondent Joseph Russi. The parties have been engaged in litigation for several years, some of which was in California, over the sisters' parents' estate and trusts. Pursuant to a 2017 settlement agreement that required arbitration, respondents moved a California court to compel arbitration of an action filed by petitioner. The arbitration was conducted by a panel of the American Arbitration Association (AAA) under AAA rules and took place virtually over several days in April 2021 via Zoom.[2] Petitioner prevailed in the arbitration, and she received an arbitration award of over $5 million in damages and fees.

---

[1] We note that ORAP 5.45(3) provides that "[e]ach assignment of error must identify precisely the legal, procedural, factual, or other ruling that is being challenged." Respondents' assignments are more accurately characterized as separate arguments in support of a single assignment of error to the trial court's denial of their petition.

[2] The hearing took place remotely—instead of in person in Douglas County, Oregon, as specified in the arbitration clause of the settlement agreement—due to concerns about the COVID-19 pandemic and based on agreement by the parties.

This present action arose from a petition filed by petitioner for a judgment confirming the final arbitration award and an interim arbitration award (collectively, the arbitration award) both issued by the arbitration panel. Respondents filed a cross-petition requesting that the trial court deny petitioner's petition and vacate or modify the arbitration award.[3] Respondents asserted that the arbitration award should be set aside, in part, under ORS 36.705(1)(b)(A) on the basis that there was evident partiality on the part of the panel in favor of petitioner, under ORS 36.705(1)(c) on the basis that the panel refused to consider evidence material to the controversy, and under ORS 36.705(1)(d) on the basis that the panel exceeded their arbitral powers by rendering decisions "so grossly erroneous as to strike at the heart of the decision-making process." The petition to vacate states that ORS chapter 36, the Uniform Trial Court Rules, and Douglas County Supplementary Local Rules do not contain specific procedures for the disposition of petitions to vacate arbitration awards, and contains a request for the court to "set a scheduling conference to establish timelines and procedures for submission of a record of the arbitration, of evidence and legal memoranda, and to set a date for an evidentiary hearing on the merits" of the petition to vacate. Respondents acknowledged that the arbitration hearing was not recorded and stated that they intended to compile and submit a written record consisting of all material written submissions in the case.[4]

Petitioner filed a response objecting to the relief requested in the cross-petition and asked the court to schedule a one-hour hearing for oral argument. Petitioner asserted that proceedings under ORS chapter 36 are not a relitigation of the underlying arbitration case, and she argued that Oregon courts strongly favor upholding arbitration awards and disfavor vacatur, that Oregon law provides extremely narrow grounds for vacatur, and that respondents could not meet their burden to prove grounds for vacatur under ORS 36.705. Petitioner's counsel submitted a declaration

---

[3] We refer to respondents' filing interchangeably throughout as the cross-petition, petition to vacate, or petition for vacatur.

[4] Respondents attached five exhibits to their cross-petition but did not otherwise file declarations or evidentiary materials with the trial court.

in support of the response, which had 13 exhibits attached related to the underlying arbitration.

The trial court held a hearing in October 2021. Respondents asserted that the trial court should utilize one of two possible procedures to decide whether it should vacate or confirm the arbitration award: have a trial of sorts where each party has the opportunity to present evidence in support of their position and then the court makes a decision or have a schedule for "submission of [a] record along with briefs" similar to how an appellate case is processed. Petitioner argued in response that there is no judicial review of the merits of an arbitration award, and that the process is "for the challenger to submit whatever portions of the record they're going to have to support their arguments for why they can prove to the Court *** by clear and convincing evidence—that they meet one of the very narrow grounds for vacatur." Petitioner also argued that the hearing that day was for the purpose of respondents submitting their proof and making their arguments. Counsel for respondents informed the court that it was not his expectation that he be prepared to argue all of the merits of the underlying bases for respondents' petition at the hearing because, in part, the cross-petition contained a request for a scheduling order; he apologized if it was his misunderstanding for the purpose of the hearing that day.

The court asked questions about what respondents' counsel believed the scope of the requested additional hearing would be if it scheduled one and what the evidence would look like. Counsel explained that it was not respondents' intent to relitigate the arbitration itself, but rather to present additional record about the underlying proceeding and argument to support the allegations in the petition to vacate, including the claim of bias of the panel. He also stated that respondents' conclusion was that the statutes and case law are not clear on what the process is for presenting evidence to support a petition to vacate. Petitioner's counsel continued to assert that the court should make a decision based on the information it had at the hearing and that it should not set an additional hearing; he also argued that respondents could have, but did not, make a legal argument in their briefing and that it was their burden to prove

that they were entitled to the relief they were seeking. The court took the matter under advisement.

The trial court sent a letter to the parties via email, in which it explained its decision to deny respondents' petition to vacate the arbitration award. It stated, in part:

"I have reviewed ORS 36.705, and do not believe that I can decide the matter of whether to vacate the arbitration award without a record from which I can make findings. Given that the parties opted to arbitrate without making a record, I am not able to hear review [*sic*] any ruling with specificity or context. I do not intend to allow the parties to try to recreate or describe any portion of the hearing, as it could not be accurate and complete and would be subject [to] the memory of the parties, which cannot be more than general recollection as opposed to direct quotes. Having declined to create a record, [respondents] are not in a position to prove what actually occurred surrounding an evidentiary ruling at hearing, as any attempt to do so would lack context and specificity. I am therefore unable to make any finding that would lead to a conclusion that the panel was biased. Also, given that it is the rules of arbitration and not the ORCP that apply, I cannot conclude that because something would have been admissible in a court trial, it should automatically be admissible in an arbitration hearing.

"[Respondents'] petition to vacate the arbitration award is denied based upon the lack of a record upon which it can be decided. Further, any claim that the [respondents] were prejudiced by the refusal to grant a continuance is disproven by [respondents'] own arguments given that the continuance did, in fact, occur."

The trial court then issued an order denying the petition to vacate the arbitration award and granting the amended petition for an order confirming the arbitration award as a judgment of the court, which was followed by entry of a general judgment and money award. The trial court also awarded attorney fees, costs, and disbursements to petitioner in a supplemental judgment. Respondents appealed both judgments.[5]

---

[5] Respondents do not assign any error to the supplemental judgment awarding attorney fees. However, ORS 20.220(3) states, in part, that "[w]hen an appeal is taken from a judgment under ORS 19.205 to which an award of attorney fees or costs and disbursements relates: (a) if the appellate court reverses the judgment, the award of attorney fees or costs and disbursements shall be deemed reversed[.]"

On appeal, respondents first contend that the trial court erred by declining to consider their petition for vacatur in the absence of a verbatim arbitration record. In response, petitioner argues that respondents misunderstand the trial court's reasoning and asserts that the court was "making a broader point that respondents have simply failed to provide the requisite evidentiary record required for them to carry their burden of proof." In addition, petitioner argues that respondents' argument overlooks their own failure to arrange for the creation of a transcript of the arbitration proceeding.

We begin with our understanding of the trial court's written letter decision. Our view aligns with that of respondents. That is, we understand the trial court to have concluded that it was unable to decide the petition to vacate without having a written record, *i.e.*, a transcript, to review. In addition, the court stated that it did not intend to allow the parties to try to recreate or describe any part of the arbitration hearing and that "having declined to create a record," respondents were not in a position to prove what happened. Therefore, the trial court essentially concluded that respondents' failure to record the arbitration hearing precluded their ability to seek vacatur.

We review issues of statutory construction for legal error, *State ex rel Rosenblum v. Living Essentials, LLC*, 371 Or 23, 33, 529 P3d 939 (2023), and we turn to the relevant statutes. ORS 36.700 provides, in part:

> "(1)   After a party to an arbitration proceeding receives notice of an award, the party may make a petition to the court for an order confirming the award. *** The court shall issue a confirming order unless within 20 days after the petition is served on the other parties:
>
> "*****
>
> "(b)   A party petitions the court to vacate, modify or correct the award under 36.705 or 36.710.
>
> "(2)   If a party *** petitions the court to vacate, modify or correct the award under ORS 36.705 or 36.710, the court may stay entry of an order on a petition filed under this section until a final decision is made on the request or petition."

And ORS 36.705 states, in part:

"(1)   Upon petition to the court by a party to an arbitration proceeding, the court shall vacate an award made in the arbitration proceeding if:

"(a)   The award was procured by corruption, fraud or other undue means;

"(b)   There was:

"(A)   Evident partiality by an arbitrator appointed as a neutral arbitrator;

"(B)   Corruption by an arbitrator; or

"(C)   Misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding;

"(c)   An arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement, refused to consider evidence material to the controversy or otherwise conducted the hearing contrary to ORS 36.665 so as to prejudice substantially the rights of a party to the arbitration proceeding;

"(d)   An arbitrator exceeded the arbitrator's powers;

"* * * * *

"(4)   If the court denies a petition to vacate an award, it shall confirm the award unless a petition to modify or correct the award is pending."

Those two statutes are "part of a statutory scheme that derived from the Uniform Arbitration Act, which was promulgated by the National Conference of Commissioners on Uniform State Laws (NCCUSL)." *Prime Properties, Inc. v. Leahy*, 234 Or App 439, 445, 228 P3d 617 (2010). The Oregon legislature adopted the Revised Uniform Arbitration Act (RUAA) in 2003, Or Laws 2003, ch 598, and "we consider the commentary to the RUAA a part of our statute's legislative history for its potential to reflect or infer legislative intent." *Floor Solutions, LLC v. Johnson*, 322 Or App 417, 421, 520 P3d 902 (2022) (internal quotation marks omitted); *see id.* (noting that "RUAA § 23(a) and ORS 36.705(1) are virtually identical").[6]

---

[6] We have also previously explained that

"ORS 36.735 provides that, '[i]n applying and construing ORS 36.600 to 36.740, consideration must be given to the need to promote uniformity of the law with respect to its subject matter among states that enact it.' The NCCUSL's commentary to the uniform act helps to explicate the meaning of

        When construing the meaning of a statute, we con-
sider the text and context along with useful legislative his-
tory. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009).
We may not insert what has been omitted. ORS 174.010.
Turning to the application of those principles to the relevant
statute, ORS 36.705 does not contain a requirement that a
party participating in arbitration must obtain a verbatim
record of the proceedings in order to obtain vacatur, and
neither party contends that it does. Nor does the statutory
scheme elsewhere contain a specific procedure for determin-
ing a petition for vacatur. The commentary to RUAA section
23 is helpful to discern the legislative intent here. In that
commentary, it explains that the drafters discussed and
debated "whether Section 23 of the RUAA should include a
provision that parties could 'opt in' to judicial review of arbi-
tration awards for errors of law or fact or any other grounds
not prohibited by applicable law." RUAA § 23 comment
B1. The committee weighed the "value-added dimensions
against the risks/downsides" of adding such a provision. *Id.*
Although an "opt-in" provision is not the issue in this case,
the drafting committee's observations about the possibility
of it are helpful to understand their underlying thoughts
about the purpose of arbitration being a "true alternative to
traditional litigation." *Id.* The commentary states:

> "[A]n opt-in provision would virtually ensure that, in cases
> of consequence, losers will petition for vacatur, thereby
> robbing commercial arbitration of its finality and mak-
> ing the process more complicated, time consuming and
> expensive. Arbitrators would be effectively obliged to pro-
> vide detailed conclusions of law and if the parties agree to
> judicial review for errors of fact, findings of fact in order
> to facilitate review. In order to lay the predicate for the
> appeal of unfavorable awards, *transcripts would become the
> norm* and counsel would be required to expend substan-
> tial time and energy making sure the record would support
> an appeal. Finally, the time until resolution in many cases
> would be greatly lengthened, and the prospect of proceed-
> ings being reopened on remand following judicial review
> would increase.

---

the statutory terms, so it provides a useful tool for promoting uniformity of
the law, and we consider it where appropriate."

*Prime Properties*, 234 Or App at 445 (brackets in original).

"At its core, arbitration is supposed to be an alternative to litigation in a court of law, not a prelude to it."

*Id*. (emphasis added). From that comment, we learn that it was not the intent of the drafting committee for the vacatur provision to include a requirement that a transcript be made—quite the opposite.

Because the Oregon legislature adopted the RUAA and did not add any requirement that a transcript or other verbatim record of the arbitration proceedings be required to petition for relief under ORS 36.705, we conclude that the legislature's intent was consistent with the intent of the drafters of the RUAA.[7] Therefore, we also conclude that the trial court, here, erred when it held that it was unable to decide respondents' petition because they did not have a record made of the arbitration proceeding; we, therefore, vacate the judgment denying the petition to vacate and remand for further proceedings. The supplemental judgment for attorney fees is deemed to be reversed by operation of law. ORS 20.220(3).

We briefly address respondents' second and third arguments. Respondents' second argument is that the trial court erred by declining to allow the parties to present evidence, at a hearing or otherwise, as to whether the events of the arbitration proceeding were sufficient to establish any of the statutory grounds for vacatur. In response, petitioner argues that there is no statutory requirement for the trial court to conduct an evidentiary hearing on a petition to vacate, although she acknowledges that the court could choose to have one, and that respondents had an opportunity to present evidence when they filed their petition. Petitioner also questions the ability of respondents to provide evidence in the absence of a written transcript of the arbitration proceeding. Respondents' third argument is that the trial court

---

[7] Of course, some attacks on an arbitration award might be proven primarily, if not exclusively, through a record of what occurred *outside* of the arbitration record. For instance, a party might only be able to establish corruption on the part of a party or the arbitrators (ORS 36.705(1)(a), (b)(B)) based on acts that occurred beyond the arbitration. At the same time, there may be attacks on an arbitration for which the proof is largely dependent on the arbitration record itself. As we discuss below, we conclude only that a verbatim record is not required to attack an arbitration award. We leave issues of whether the trial court was persuaded by any particular record before it first to that court.

erred by determining that it could not resolve respondents' claim that the arbitration panel refused to consider material evidence. In response, petitioner argues that that argument fails for the same reasons as the other arguments, in part, that the trial court was not required to hold an evidentiary hearing as requested by respondents.

As reflected above, the trial court's written decision contains the following statement, "I do not intend to allow the parties to try to recreate or describe any portion of the hearing, as it could not be accurate and complete and would be subject [to] the memory of the parties \*\*\*. *Having declined to create a record*, [respondents] are not in a position to prove what actually occurred \*\*\*." (Emphasis added.) The court did not engage in deciding the specific arguments put forth by the parties because it determined as an initial matter that respondents' claim failed due to the fact that there was not a verbatim record or transcript of the arbitration proceeding. We need not decide those questions either. On remand, the trial court can determine the manner in which to proceed.

Finally, we acknowledge the trial court's skepticism in respondents' ability to provide sufficient evidence and note that it is possible that the trial court might not be persuaded by whatever information is put before it in the absence of a verbatim record; however, the petition to vacate does not fail merely because there was no verbatim record or transcript of the arbitration proceedings.

General judgment vacated and remanded; supplemental judgment reversed.