Submitted January 5, affirmed February 15, 2017

In the Matter of S. E. K. H.,
a Child.
DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

S. E. K. H.,
L. W., and J. H., Jr.,
*Appellants.*

Yamhill County Circuit Court
16JU03758;
Petition Number 00469337;
A162731 (Control)

In the Matter of J. K. H.,
a Child.
DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. K. H.,
L. W., and J. H., Jr.,
*Appellants.*

Yamhill County Circuit Court
16JU03759;
Petition Number 00469338;
A162732

389 P3d 1181

George W. Kelly filed the brief for appellant J. H., Jr.

Tiffany Keast filed the brief for appellant L. W.

Megan L. Jacquot filed the brief for appellants children.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erin K. Galli, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Egan, Judge, and Lagesen, Judge.

## LAGESEN, J.

This consolidated juvenile dependency appeal arises from a jurisdictional and dispositional judgment over parents' two children. ORS 419A.200. In that judgment, the juvenile court took dependency jurisdiction over the children under ORS 419B.100(1)(c) on the ground that their conditions and circumstances endangered them and placed them in the legal custody of the Department of Human Services (DHS). In so doing, the court denied children's request to order DHS to place them with their paternal great-grandmother, who intervened in the case under ORS 419B.116, concluding that it lacked the authority to direct DHS to make a specific placement.

Father, mother, and children appeal. Father and mother assign error to the juvenile court's jurisdictional determination, claiming that the evidence is insufficient to support the finding that the children were endangered. Mother and children additionally assign error to the juvenile court's dispositional determination that it lacked authority to order DHS to place the children with great-grandmother. For the reasons that follow, we affirm.

We first address parents' challenge to the juvenile court's jurisdictional determination. The juvenile court took jurisdiction over the children based on its finding that their circumstances—primarily, their exposure to acts of domestic violence between their parents—exposed them to a current threat of harm that was reasonably likely to be realized. *See* ORS 419B.100(1)(c) (authorizing juvenile court jurisdiction over a child "whose condition or circumstances are such as to endanger the welfare" of the child); *Dept. of Human Services v. D. H.*, 269 Or App 863, 866, 346 P3d 527 (2015) (under ORS 419B.100(1)(c), the question is whether child's circumstances expose child to a current risk of serious loss or harm that is reasonably likely to be realized). On appeal, parents challenge the sufficiency of the evidence to support that determination. We review by viewing the evidence, and the permissible inferences from it, in the light most favorable to the court's ruling "and assess[ing] whether, when so viewed, the record was legally sufficient to permit [the]

outcome" reached by the court. *Dept. of Human Services v. N. P.*, 257 Or App 633, 639, 295 P3d 672 (2013).[1]

Applying that standard to the record in this case, we are persuaded that the evidence was legally sufficient to permit the juvenile court to determine that jurisdiction over the children was warranted. A detailed recitation of the evidence would not benefit the bench, bar, public, or the parties, and we therefore reject parents' challenges to the jurisdictional judgment without further written discussion.

The remaining issue is whether the juvenile court was correct to conclude that it lacked authority to order DHS to place children with their great-grandmother, who had intervened in the case as allowed by ORS 419B.116. That is a question of statutory construction, and we review for legal error. *State v. Thompson*, 328 Or 248, 256, 971 P2d 879, *cert den*, 527 US 1042 (1999).

We start by observing what is not at issue in this appeal. Mother and children do not contend that the juvenile court should have placed the children under the protective supervision of the court and then given legal custody of the children to great-grandmother. ORS 419B.331 would have empowered the court to do that, but that is not what the parties seek.[2] All parties appear to agree that, assuming jurisdiction is warranted, it is in the family's interest to have DHS involved in the case and that the juvenile court correctly determined that the children should be placed in

---

[1] No party suggests that *de novo* review would be appropriate.

[2] ORS 419B.331 provides:

"When the court determines it would be in the best interest and welfare of a ward, the court may place the ward under protective supervision. The court may direct that the ward remain in the legal custody of the ward's parents or other person with whom the ward is living, or the court may direct that the ward be placed in the legal custody of some relative or some person maintaining a foster home approved by the court, or in a child care center or a youth care center authorized to accept the ward. The court may specify particular requirements to be observed during the protective supervision consistent with recognized juvenile court practice, including but not limited to restrictions on visitation by the ward's parents, restrictions on the ward's associates, occupation and activities, restrictions on and requirements to be observed by the person having the ward's legal custody, and requirements for visitation by and consultation with a juvenile counselor or other suitable counselor."

the legal custody of DHS "for care, placement and supervision" under ORS 419B.337(1). Thus, we are not called upon to decide whether the juvenile court abused its discretion by choosing to place children in DHS custody under ORS 419B.337, rather than placing them in the custody of great-grandmother under ORS 419B.331. Instead, the question before us is whether the legislature conferred upon the juvenile court, once it placed the children in DHS custody, the further authority to order DHS to place the children with great-grandmother.[3]

The text and context of ORS 419B.337 establish that the answer to that question is no. The text of ORS 419B.337(2) confers upon the juvenile court the authority to make orders about the "type" of care that a ward should receive, but assigns DHS the responsibility to make the decisions regarding the "actual" care provided to a ward placed in its custody:

> "The court may specify the particular type of care, supervision or services to be provided by the Department of Human Services to wards placed in the department's custody and to the parents or guardians of the wards, but the actual planning and provision of such care, supervision or services is the responsibility of the department."

ORS 419B.337(2). That suggests that the legislature intended that DHS, not the juvenile court, would make the decisions regarding a ward's "actual" placement.

ORS 419B.337(5) reinforces that suggestion. It prohibits a juvenile court from "directly" placing a ward committed to DHS custody in a residential facility, requiring the court to deliver the ward to DHS instead:

> "If the ward has been placed in the custody of the Department of Human Services, the court shall make no commitment directly to any residential facility, but shall cause the ward to be delivered into the custody of the department at the time and place fixed by rules of the department."

---

[3] DHS explained at the hearing that it had considered great-grandmother as a potential foster care provider, but that she was not eligible for certification as a foster care provider under DHS rules. Thus, a court order directing DHS to place children with great-grandmother would require DHS to violate its own rules.

ORS 419B.337(5). By prohibiting a juvenile court from "directly" committing a ward in DHS custody to a residential facility, the legislature again signaled its intention that DHS, rather than the court, would decide where to place such a ward.

To the extent that the text of ORS 419B.337 is ambiguous and does not clearly resolve the issue, its context provides a more concrete and, ultimately, dispositive indication of legislative intent. As DHS observes, ORS 419B.349 is significant. It gives the juvenile court the authority to *review* DHS's placement decisions. That grant of review authority implies that the legislature intended that the court's role would be to review DHS's placement decisions regarding a ward in its custody, not to make such placement decisions for DHS. And the legislature did not merely imply that intention; it made it explicit. ORS 419B.349 states that "actual planning and placement of the child or ward is the responsibility of the department" and that, "unless otherwise required by law, the court may not direct a specific placement." That wording expressly (1) assigns responsibility to DHS to make the "actual" placement decision and (2) prohibits a court from directing a specific placement for a ward in DHS custody, absent a legal requirement that the court do so. In view of that clear legislative directive, it is difficult to think that the legislature intended for a juvenile court to be able to direct DHS to make a specific placement of a ward committed to its custody.[4]

---

[4] In that regard, we note that ORS 419B.349(1) does authorize a juvenile court, upon a determination that the placement made or proposed by DHS "is not in the best interest of the child or ward," to place a child with his or her parents. However, apart from authorizing the court to direct a placement with parents, the statute otherwise authorizes the court to direct DHS to place a child in a specific *type* of placement, rather than in a specific placement. ORS 419B.349(1) provides, in full:

"Commitment of a child or ward to the Department of Human Services does not terminate the court's continuing jurisdiction to protect the rights of the child or ward or the child or ward's parents or guardians. Notwithstanding ORS 419B.337 (5), if upon review of a placement or proposed placement of a child or ward made or to be made by the department the court determines that the placement or proposed placement is not in the best interest of the child or ward, the court may direct the department to place or maintain the child or ward in the care of the child or ward's parents, in foster care with a foster care provider who is a relative, in foster care with a foster care provider who is or has been a current caretaker for the child, in foster care with a

In arguing to the contrary, mother and children point to ORS 419B.116—the statute that permitted great-grandmother to intervene in the case—as the locus of the juvenile court's authority to order DHS to place the children with her.[5] In particular, they point to ORS 419B.116(11)(a), which states, "At any time, a person granted intervention or a person granted rights of limited participation may move to be considered a temporary placement or visitation resource for the child or ward." They assert that ORS 419B.116(11)(a) should be construed to grant the court "leeway" to order DHS to place a ward with a person who has been granted intervenor status in a dependency case. Invoking ORS 174.020(2),[6] they contend that ORS 419B.116(11)(a) is a "particular placement statute" that should be given effect over ORS 419B.349(1)'s prohibition on the juvenile court directing specific placements for wards in DHS custody.

ORS 419B.116(11)(a) is not susceptible to the interpretation that mother and children would have us give it. It provides only that an intervenor in a dependency case "may move *to be considered*" as a placement for a child or ward. Such a motion would pave the way for a juvenile court to place a child directly with the movant under ORS 419B.331, or for the court to direct DHS to *consider* placing a child committed to its custody with the intervenor. But nothing in ORS 419B.116 states or otherwise implies that the legislature intended that, having placed a child in DHS custody, rather than in the custody of the intervenor, the juvenile

---

foster care provider who is not a relative or current caretaker, in residential care, in group care or in some other specific type of residential placement, but unless otherwise required by law, the court may not direct a specific placement. The actual planning and placement of the child or ward is the responsibility of the department. Nothing in this subsection affects any contractual right of an individual or a private agency to refuse or terminate a placement."

[5] ORS 419B.116(2) provides that a person "asserting that the person has a caregiver relationship with a child or ward may file a motion for intervention in a juvenile dependency proceeding." The statute defines a "caregiver relationship" and permits a juvenile court to allow the motion to intervene if the movant proves that the person has a caregiver relationship and that certain other criteria are present. ORS 419B.116(5). As noted, the juvenile court in this case allowed great-grandmother's motion to intervene.

[6] ORS 174.020(2) states, "When a general and particular provision are inconsistent, the latter is paramount to the former so that a particular intent controls a general intent that is inconsistent with the particular intent."

court would have the authority to *order* DHS to place the child with the intervenor notwithstanding the clearly stated limitations imposed by ORS 419B.349(1). Given the clarity of the legislature's directive in ORS 419B.349(1)—"unless otherwise required by law, the court may not direct a specific placement"—had the legislature intended to override that clear limitation on the juvenile court's authority when enacting ORS 419B.116(11)(a), we think that it would have included provisions so stating.[7] But the legislature omitted such provisions, and our "office *** is *** not to insert what has been omitted." ORS 174.010. The juvenile court therefore was correct to conclude that it did not have the authority to direct DHS to place children with great-grandmother.

Affirmed.

---

[7] At the time that the legislature enacted the provision that is now ORS 419B.116(11)(a), ORS 419B.349(1) already contained the limitation on the juvenile court's authority to direct specific placements for wards in DHS custody. *See* Or Laws 1997, ch 764, § 1 (enacting restriction on juvenile court authority to direct specific placements); Or Laws 2001, ch 624, §§ 1-3 (enacting provisions authorizing intervenor in dependency case to move for consideration as a placement).