590 September 24, 2025 No. 834

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of S. D. H.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. J. H.,
*Appellant.*

Malheur County Circuit Court
21JU00609; A186905 (Control)

In the Matter of M. J. H.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. J. H.,
*Appellant.*

Malheur County Circuit Court
21JU00610; A186906

In the Matter of L. J. H.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. J. H.,
*Appellant.*

Malheur County Circuit Court
21JU00611; A186907

Erin K. Landis, Judge.

Submitted August 28, 2025.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Tiffany Keast, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Patricia Rincon, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, Jacquot, Judge, and O'Connor, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

In this consolidated appeal, father appeals the juvenile court's judgment denying his motion to have his children placed in foster care in Tennessee. The juvenile court denied father's motion on the basis that Tennessee's approval of potential placement under the Interstate Compact on the Placement of Children (ICPC), ORS 417.200, only permitted transfer of the children to father or a relative foster family and there was no other statutory authority for the juvenile court to place the children in non-relative foster care in Tennessee. [1] On appeal, father claims that the juvenile court misunderstood its authority under ORS 419B.334 in denying his motion for an out-of-state placement. We review the juvenile court's interpretation of a statute for errors of law. *See, e.g.*, *Dept. Human Services v. S. E. K. H./L. W.*, 283 Or App 703, 706, 389 P3d 1181 (2017) (conducting statutory analysis of ORS 419B.337). The juvenile court's best-interests determination is reviewed for an abuse of discretion. *See Dep't of Hum. Servs. v. C. H.*, 332 Or App 25, 31-32, 549 P3d 32, *rev den*, 372 Or 718 (2024). We affirm.

On April 7, 2021, the juvenile court entered a judgment in which it placed father's three children into the legal custody of Oregon Department of Human Services (ODHS). As part of that proceeding, father admitted that his inability to regulate his emotional responses, inappropriate physical discipline and his residential instability interfered with his ability to safely parent his children. The juvenile court ordered that father had to complete parenting classes, have a psychological evaluation, follow the recommendations for his discipline issues and domestic violence, and fulfill other requirements before the children could be returned to him.

---

[1] Under ORS 417.200, which codifies the ICPC in Oregon, Oregon cannot send a child to another state for foster care placement, unless all requirements set forth in the ICPC are satisfied. ORS 417.200, Art III(a); *see Dept. of Human Services v. D.C.B.*, 310 Or App 729, 737, 489 P3d 598 (2021) (summarizing the operation of the ICPC). Among other things, the sending agency is required to send the receiving state written notice of the intention to send, bring or place the child in the receiving state as well as any other information the receiving state deems necessary under the circumstances to carry out the purpose and policy of the ICPC. ORS 417.200, Art III(b), (c). Furthermore, children cannot be sent to a placement in the receiving state until the receiving state notifies the sending agency, in writing, that the proposed placement does not appear contrary to the interests of the child. ORS 417.200, Art III(d).

Father moved to Tennessee and obtained approval under the ICPC for children placed in either relative foster care or father's care in Tennessee. Although the placement approved under the ICPC did not allow for placement in non-relative foster care, father nevertheless filed a motion to have the children placed in foster care in Tennessee.

At the hearing on the motion, the parties noted the approved potential placement in Tennessee under ICPC. None of the parties disputed that the approved placement did not allow for the non-relative foster care that father requested. The juvenile court found that Tennessee's approval of potential placement in Tennessee under the ICPC allowed for the children to be placed in Tennessee if the placement was with a parent or if there was a relative placement in Tennessee. The court further found that there was no statutory authority that allowed it to place the children in foster care in Tennessee, apart from the approved potential placement in Tennessee that father had already obtained. According to the juvenile court, it would not be in the best interest of the children to place them with father in Tennessee because he had not made adequate progress in his treatment, and the court was not aware of any relatives in Tennessee with whom the children permissibly could be placed under the terms of the approved placement. The trial court otherwise denied father's motion to have the children placed in Tennessee because neither option under the approved placement was viable and the court did not have any other statutory authority to place the children in foster care in Tennessee.

Father appealed. Father argues that the juvenile court improperly held that as a matter of law, it lacked the power to send the children to Tennessee to reside with a foster family. Father asserts that the juvenile court misunderstood its authority under ORS 419B.334. ODHS responds that the children were not under the protective supervision of the court but rather under the legal custody of ODHS. ODHS argues that ORS 419B.334 is inapplicable because the statute permits out of state placements only when the child is under the court's protective supervision, but these children were in the legal custody of ODHS. In ODHS's view, father never requested that the children be placed under the court's

protective supervisions, so as to permit a transfer under ORS 419B.334. Furthermore, ODHS contends that even if the court did err in construing its authority, that error was harmless because the court also determined that it was in the best interest of the children to remain in their current placement.

We conclude that the trial court did not err.

Neither party's argument is fully responsive to the juvenile court's ruling, which the record reflects rested on its determination that the criteria under ORS 419B.334 for placing the children into protective supervision in Tennessee were not satisfied. As for the juvenile court's actual ruling, father's arguments on appeal do not establish any error. ORS 419B.334 provides:

> "When the court determines it would be in the best interest and welfare of a ward, the court may, if there is an interstate compact or agreement or an informal arrangement with another state permitting the ward to reside in another state while under protective supervision, or to be placed in an institution or with an agency in another state, place the ward under protective supervision in such other state."

In this case, the record reflects that father had an approved potential placement in Tennessee pursuant to the ICPC, but the court determined that the agreement did not allow it to place the children in foster care in Tennessee, as father requested. By its terms, ORS 419B.334 requires that the juvenile court determine both that (1) the ICPC or some other agreement authorizes the requested placement; and (2) placing the children in another state would be in their best interest. Here, the juvenile court found that the terms of father's approved potential placement required the children to go either with father or a relative foster family and did not allow for non-relative foster care in Tennessee.[2] The juvenile court stated,

> "I believe what [the state] has stated, and what [the CASA] has stated, is accurate and correct. ICPC allows for the children to be placed in Tennessee if the placement with

---

[2] In 2021, there was an approved placement under the ICPC in Tennessee with the children's maternal aunt, but father opposed that placement. Father has not suggested that there are any other relative foster placement possibilities in Tennessee, and the record does not indicate the existence of any.

a parent is appropriate, or if there is a relative placement in Tennessee. I'm not aware of any situation that would allow me to send the children to Tennessee, and for the children to be placed in a foster home in Tennessee. So, that-that first request of the Court really isn't a viable option because, frankly, I don't believe I have the power to send the children to Tennessee to reside with a foster family in Tennessee. It would have to be either with [father], who I think, based upon the evidence before this Court, has not made adequate progress for that to happen, or with a relative. And I'm not hearing that there is a relative who is willing and has been approved by the ICPC process."

Thus, the juvenile court determined two things: (1) that it could not send the children to non-relative foster care in Tennessee under the terms of father's approved ICPC placement agreement, given the limitations of father's agreement; and (2) that there was no other authority that would allow it to send the children to foster care in Tennessee. Those determinations track the requirements of ORS 419B.334, demonstrating that the juvenile court correctly understood the scope of its authority.

At the hearing, father argued that because he had an approved placement in Tennessee under the ICPC, the court need only determine that moving the children to Tennessee was in their best interest. To the extent father repeats that argument on appeal, the argument fails because it is undisputed that father's ICPC approval did not allow for placement in non-relative foster care in Tennessee, and non-relative foster care is the placement that father specifically (and necessarily) requested, because no relative foster-care placement had been identified. Beyond that, to the extent father argued that the court should place children with him in accordance with the approved placement, notwithstanding the fact that his motion specified foster care, the juvenile court found that it could not place children with father because he had not made adequate progress for children to return safely to his care. That finding that would preclude the conclusion that it was in the children's best interest to be placed with father under protective supervision in Tennessee.

Affirmed.