786 February 12, 2025 No. 97

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of C. S.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

A. A.,
*Appellant.*

Malheur County Circuit Court
23JU01159; A185212

Erin K. Landis, Judge.

Submitted January 14, 2025.

George W. Kelly filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Appellant appeals from a judgment of the juvenile court denying his motion to intervene in the dependency proceeding of his stepdaughter C, a 15-year-old girl within the jurisdiction of the juvenile court. We conclude that the juvenile court did not err and therefore affirm.

The relevant facts are largely undisputed. For some seven years before this dependency proceeding was initiated, appellant had cared for C as her stepfather. His role as C's stepfather was interrupted some six weeks before the Department of Human Services (DHS) initiated this dependency proceeding, when appellant was arrested and began serving a seven-month period of incarceration after pleading guilty to burglary.

Appellant was incarcerated from January 23 through August 29, 2023, first in the county jail and then in the state prison. While in the county jail, appellant was able to call C and he talked to C every day on the telephone. Appellant's ability to daily call C ended after he was taken into DOC custody.

DHS initiated this dependency proceeding of C in July 2023, based on the biological parents' substance abuse, which interfered with their ability to parent, and based on the biological father not being a custodial resource for C because his whereabouts are unknown.

After he was released from Department of Correction custody, appellant moved to intervene in the dependency proceeding. ORS 419B.116 sets forth a procedure by which a nonparent in a "caregiver relationship" with a child may seek to intervene in a dependency proceeding. As relevant to this case, ORS 419B.116 provides:

"(1)(a)   As used in this section, 'caregiver relationship' means a relationship between a person and a child or ward:

"(A)   That has existed:

"(i)   For the 12 months *immediately preceding the initiation of the dependency proceeding*[.]

"* * * * *

"(B)   In which the person had physical custody of the child or ward or resided in the same household as the child or ward;

"(C)   In which the person provided the child or ward on a daily basis with the love, nurturing and other necessities required to meet the child or ward's psychological and physical needs; and

"(D)   On which the child depended to meet the child or ward's needs.

"(b)   Caregiver relationship' does not include a relationship between a child or ward and a person who is the nonrelated foster parent of the child or ward unless the relationship continued for a period of at least 12 consecutive months.

"(2)   A person asserting that the person has a caregiver relationship with a child or ward may file a motion for intervention in a juvenile dependency proceeding.

"(3)   Filing a motion under subsection (2) of this section is the sole means by which a person may become a party to a juvenile dependency proceeding as an intervenor. An order granting intervention under this section is exclusively for juvenile dependency proceedings and does not confer standing or rights of intervention in any other action. Intervention is not allowed in proceedings under ORS 419B.500.

"(4)   A motion for intervention under subsection (2) of this section must state:

"(a)   The person's relationship to the child or ward and the person's involvement in the child or ward's life;

"(b)   The reason that intervention is sought;

"(c)   How the person's intervention is in the best interests of the child or ward;

"(d)   Why the existing parties cannot adequately present the case; and

"(e)   What specific relief is being sought."

"(5) (a) * * *

"(b) If a motion for intervention does not state a prima facie case as to the facts that must be proved under

paragraph (c) of this subsection, the court may deny the motion without a hearing.

"(c)   If the court holds a hearing on the motion for intervention, the court may grant the motion for intervention if the person moving to intervene in the case proves by a preponderance of the evidence that:

"(A)   A caregiver relationship exists between the person and the child or ward;

"(B)   The intervention is in the best interests of the child or ward;

"(C)   The reason for intervention and the specific relief sought are consistent with the best interests of the child or ward; and

"(D)   The existing parties cannot adequately present the case[.]"

(Emphasis added.) If a party seeking to intervene in a dependency proceeding establishes each of the factors set forth in ORS 419B.116(5)(c) by a preponderance of the evidence, the court may, in its discretion, grant a motion to intervene. Establishing each of the factors in ORS 419B.116(5)(c) requires that the person also present evidence that they are in a caregiver relationship with the ward, under the criteria stated in ORS 419B.116(1)(a).

Here, after holding a hearing as provided in ORS 419B.116(5)(c), the juvenile court ruled from the bench that it would not allow intervention:

"[I]n the equities, I think that those would certainly favor allowing intervention based upon what [appellant] had to say and based upon what [C] had to say.

"The issue I have as a Court is I don't get to balance those equities until a *prima facie* showing has been made under ORS 419B.116.

"And based upon the evidence presented here today, [appellant] was not in a caregiver relationship for the 12 months immediately preceding the initiation of the dependency proceeding. And that is because he was not *** the person who had physical custody of the child or resided in the same household as the child or ward. And there was no

evidence that during that month-and-a half [C] was reliant upon [appellant] to meet her needs."

Thus, the juvenile court stated that, although the testimony favored appellant's intervention, the court was barred from exercising discretion to allow intervention as a result of appellant's arrest, which meant that appellant did not reside in the same household as C and was not able to meet C's needs in a caregiver role "for the 12 months immediately preceding the initiation of the dependency proceeding," as required by ORS 419B.116(1)(a)(A)(i). The trial court further reasoned that, while appellant was in jail and prison, C was not reliant on appellant for care or housing.

On appeal, appellant argues that the juvenile court committed legal error in construing ORS 419B.116(1)(a)(A)(i) so as to require that the "12 months immediately preceding" the initiation of the dependency proceeding allows for no interruption in the caregiver role in the immediately preceding 12-month period. The state responds that the juvenile court's ruling is consistent with the unambiguous text of the statute and the legislature's clearly expressed intention to impose a high burden on a person seeking to intervene in a dependency proceeding.

The state has the better argument. ORS 419.116(1)(a)(A)(i) and (5)(c) are unambiguous. If, as here, a person seeks to intervene based on a relationship described in ORS 419.116(1)(a)(A)(i) (being in a caregiver relationship "[f]or the 12 months immediately preceding the initiation of the dependency proceeding"), there must be proof that the person seeking to intervene was in a caregiver relationship for the 12 months *immediately preceding* the initiation of the dependency proceeding. Whether the person was in a caregiver role for that period is a question of fact to be decided by the factfinder. Although the evidence supports a finding that appellant *had* been in a caregiver relationship with C and also provided emotional support to C by telephone while in the county jail, after he was incarcerated within the 12 months immediately preceding the initiation of the dependency proceeding, appellant was not in a "caregiver relationship" with C as that term is defined for purposes of ORS 419.116. Under the statutory scheme, there must be

evidence on each of the factors set out in ORS 419B.116(5)(c), including the requirement that the person was a caregiver within the immediately preceding 12 months. *Dept. of Human Services v. B. B.*, 328 Or App 754, 539 P3d 802 (2023). The juvenile court found that appellant did not have a "caregiver relationship" with C, as defined in ORS 419B.116(1)(a), because, among other reasons, he did not have "physical custody" or "reside[] in the same household" as C for the 12 months immediately preceding the initiation of the dependency proceeding. ORS 419B.116(1)(a)(B). The juvenile court therefore did not err in determining that appellant had not made a *prima facie* case that would have allowed the juvenile court to exercise its discretion to grant appellant's motion to intervene.

Affirmed.